UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Case No. 1:23-cv-02660-MEH

F.C., A.B., D.D.R., L.V., Ra.G., R.S., J.D.C., W.C., G.G., R.C.,
D.L., E.I., M.G., E.C., Rh.P., L.L., J.J.G., R.V., R.L., A.S., E.A.,
J.V., A.C., A.G., A.A., R.A., Ro.L., Ro.P., S.N., B.M., G.T., J.B.,
E.D.C., V.A., Re.D., C.S., Ra.D., M.R.,

        Plaintiffs,

v.

JACOBS SOLUTIONS INC.,
JACOBS ENGINEERING GROUP INC.,
CH2M HILL COMPANIES, LTD.,
CH2M HILL INTERNATIONAL, LTD., and
CH2M HILL INTERNATIONAL B.V.,

        Defendants.

## DEFENDANTS' MOTION TO EXTEND PAGE LIMITS FOR BRIEFING ON MOTION TO DISMISS [EXPEDITED]

Defendants Jacobs Solutions Inc., Jacobs Engineering Group Inc., CH2M Hill Companies, Ltd., CH2M Hill International, Ltd., and CH2M Hill International B.V. (together, "Defendants") respectfully move on an expedited basis to extend the page limits set forth in this Court's Civil Practice Standards for Defendants' Motion to Dismiss that is being filed on January 19, 2024.

Defendants seek a limit of 45 pages for a consolidated motion to dismiss to be filed on behalf of all Defendants, with an equivalent enlargement for the Plaintiffs' response. The request for expedited consideration of this instant Motion is based on the Motion to Dismiss

beng due to be filed on January 19, 2024.  In light of this expedited request for relief, Defendants are available on and from January 16, 2024 for a hearing on this issue if helpful to the Court.

## CERTIFICATE OF CONFERRAL

Undersigned counsel for Defendants have conferred with counsel for Plaintiffs, as required by D. Colo. L. Civ. R 7.1(a).  Plaintiffs object to Defendants' motion to the extent it requests an extension of up to 45 pages for the Motion to Dismiss.  Plaintiffs' counsel has advised that Plaintiffs do not object to an extension of up to 30 pages each for the motion and opposition briefs, and 23 pages for the reply brief.  Thus, this Motion is partially opposed.

## ARGUMENT

1. Good cause for an expansion of the page limit for Defendants' Motion to Dismiss exists based on the length of Plaintiffs' complaint, the sensational and wide-ranging nature of the allegations, the number of parties involved on each side, the application of foreign law to certain claims, and the procedural efficiency that would be achieved by presenting all Defendants' arguments in a single consolidated brief.  Defendants will raise multiple meritorious grounds to dismiss the Complaint, including lack of Article III standing, lack of personal jurisdiction, the presumption against extraterritorial application of federal legislation, and failure to state a claim, which will benefit from full briefing by both sides.

2. Plaintiffs filed their 91-page, 224-paragraph[1] Complaint on October 12, 2023. (ECF No. 1.)  Plaintiffs are 38 residents and nationals of the Philippines who allege that, over varying time periods from approximately 2012 to 2021, they were trafficked to Qatar by various

---

[1] Beginning on page 85 of the Complaint, there is a typographical error in the numbering of paragraphs.

unnamed intermediaries in the Philippines and Qatar and allegedly subjected to forced labor practices in connection with stadium construction for the 2022 FIFA World Cup.

3. Defendants are four U.S. companies and one Dutch company, one of whom provided consulting services to a Qatari government committee in connection with the 2022 FIFA World Cup. Plaintiffs' Complaint asserts two counts under the Trafficking Victims Protection Reauthorization Act ("TVPRA") and four counts under state law against each of these five companies based on events involving Qatari government agencies and numerous unidentified third-parties starting in 2012. Plaintiffs seek monetary damages, including, but not limited to, punitive and exemplary damages. (ECF No. 1 at 83-91.)

4. During a meet and confer between counsel on November 6, 2023, Defendants' counsel advised Plaintiffs' counsel that they intended to file a Motion to Dismiss, would be seeking an increase in the page limit, and would agree to a reciprocal extension of the page limit for Plaintiffs' response brief. To Defendants' counsel's recollection, Plaintiffs' counsel suggested that there would be no objection to an extension provided a reciprocal extension was provided for Plaintiffs' response brief.

5. At the November 20, 2023 telephonic Status Conference, counsel for Defendants advised the Court that they intended to file a Motion to Dismiss, would be seeking an increase in the page limit, and would agree to a reciprocal extension of the page limit for Plaintiffs' response brief. (ECF No. 28.) Plaintiffs' counsel again did not object.

6. Defendants reasonably relied on Plaintiffs' lack of objection during the preparation of their Motion to Dismiss. But after the necessary length of the expanded brief became clear in recent days, and counsel requested Plaintiffs' consent to an extension to

3

45 pages, Plaintiffs withheld their consent, suggesting instead a much smaller and inadequate expansion of the page limits.

7. The deadline for Defendants to respond to the Complaint is January 19, 2024. (*Id*.) Thus, Defendants respectfully request an expedited ruling on this Motion.

8. The Court's Civil Practice Standards ("Standards") limit motions and response briefs, other than those filed under Rule 56, to 20 pages. (MEH Civ. P.S. III(4).) The Standards provide that a party may move to exceed the page limits upon a "motion demonstrating good cause." (*Id*.) The Tenth Circuit has instructed that "district courts should remain flexible in the application of [page] limitation[s]." *Timmerman v. U.S. Bank, N.A.*, 483 F.3d 1106, 1112 (10th Cir. 2007).

9. In light of the length and breadth of the Complaint, the multitude of defenses available to Defendants in seeking dismissal, the potential application of federal, common, and foreign law, and the fact that counsel intend to file a *single* motion to dismiss on behalf of *five* differently situated Defendants, good cause exists to expand the page limit for the motion and response brief from 20 to 45 pages. Defendants move in good faith and believe that this extension is necessary and proportional. Of course, Defendants are amenable to a reciprocal expansion for Plaintiffs' response to 45 pages.

10. Plaintiffs' attempt to limit the length of the Motion to Dismiss for five Defendants to a total of 30 pages is unfair and prejudicial. Had each Defendant intended to file a separate motion to dismiss, Defendants would have 100 pages available to them; instead, Defendants seek less than half that amount for a combined motion to dismiss. Because a single consolidated brief will enable Defendants to fully present their arguments in an efficient and coordinated fashion,

avoiding duplicative and unnecessary briefing, Defendants' proposal to extend the page limitations is in the interest of the "just, speedy, and inexpensive determination" of this action pursuant to Fed. R. Civ. P. 1.

WHEREFORE Defendants seek an expedited order of the Court stating that Defendants may file a motion to dismiss consisting of up to 45 pages, Plaintiffs may file a response brief consisting of up to 45 pages.

Dated:  January 16, 2024.                         Respectfully submitted,

*s/ Habib Nasrullah*
Habib Nasrullah
WHEELER TRIGG O'DONNELL LLP
370 Seventeenth Street, Suite 4500
Denver, CO 80202
Telephone:   303.244.1800
Facsimile:    303.244.1879
Email:   nasrullah@wtotrial.com

Mark W. Friedman
Maura K. Monaghan
William H. Taft V
Justin R. Rassi
DEBEVOISE & PLIMPTON LLP
66 Hudson Boulevard
New York, NY 10001
Telephone:   212.909.6000
Email:  mwfriedman@debevoise.com
mkmonagh@debevoise.com
whtaft@debevoise.com
jrassi@debevoise.com

*Attorneys for Defendants*

## CERTIFICATE OF SERVICE (CM/ECF)

I HEREBY CERTIFY that on January 16, 2023, I electronically filed the foregoing **DEFENDANTS' MOTION TO EXTEND PAGE LIMITS FOR BRIEFING ON MOTION TO DISMISS** with the Clerk of Court using the CM/ECF system which will send notification of such filing to the following email addresses:

- **Sean C. Grimsley**
  sgrimsley@olsongrimsley.com

- **Abigail M. Hinchcliff**
  ahinchcliff@olsongrimsley.com

- **Eli J. Kay-Oliphant**
  eli.kay-oliphant@sparacinopllc.com

- **Jason C. Murray**
  jmurray@olsongrimsley.com

- **Eric R. Olson**
  eolson@olsongrimsley.com

*s/ Habib Nasrullah*