# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| F.C., A.B., D.D.R., L.V., Ra.G., R.S., J.D.C., W.C., G.G., R.C., D.L., E.I., M.G., E.C., Rh.P., L.L., J.J.G., R.V., R.L., A.S., E.A., J.V., A.C., A.G., A.A., R.A., Ro.L., Ro.P., S.N., B.M., G.T., J.B., E.D.C., V.A., Re.D., C.S., Ra.D., and M.R., <br><br> Plaintiffs, <br><br> v. <br><br> JACOBS SOLUTIONS INC., JACOBS ENGINEERING GROUP INC., CH2M HILL COMPANIES, LTD., CH2M HILL INTERNATIONAL, LTD., and CH2M HILL INTERNATIONAL B.V. <br><br> Defendants. | Case No. 1:23-cv-02660-MEH <br><br> **SCHEDULING ORDER** |

1) Date of Conference – A status conference is scheduled in this matter for March 18, 2024, at 10:45am MST. Eli J. Kay-Oliphant of Sparacino PLLC, 1920 L Street NW, Suite 835, Washington, DC, 20036, 202.629.3530, and Jason Murray and Eric Olson of Olson Grimsley, 700 17th Street, Suite 1600, Denver, CO, 80202, 303.535.9151, will attend the conference on behalf of the Plaintiffs. William H. Taft V of Debevoise & Plimpton LLP, 66 Hudson Blvd, New York, NY 10001, 212.909.6877, and Habib Nasrullah of Wheeler Trigg O'Donnell LLP, 370 17th St #4500, Denver, CO 80202, 303.244.1960, will attend the conference on behalf of Defendants.

1

2) Statement of Jurisdiction – Plaintiffs contend that the Court has subject matter jurisdiction under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1596(a), as well as federal question jurisdiction, 28 U.S.C. § 1331, and jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on diversity of citizenship. Defendants contend that the Court lacks jurisdiction because Plaintiffs do not have standing under Article III of the U.S. Constitution. In the alternative, Defendants contend that the Court cannot exercise subject matter jurisdiction under 18 U.S.C. § 1596(a) because that section applies only to criminal actions. Also, to the extent that the Court denies Defendants' request to dismiss CH2M HILL International B.V. for lack of personal jurisdiction, Defendants contend that its presence destroys diversity for purposes of Section 1332(a)(2), and that the Court should not exercise supplemental jurisdiction over Plaintiffs' non-federal claims.

3) Statement of Claims and Defenses
   a. Plaintiffs – Plaintiffs are Filipino nationals who allege they were lied to about the conditions of work and life in Qatar, had their passports confiscated, and then were forced to live and work in inhumane conditions. Plaintiffs bring trafficked and forced labor claims under the Trafficking Victims Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1589 and 18 U.S.C. § 1590, as well for restitution under the TVPRA, 18 U.S.C. § 1593, and brings additional state-law claims for unjust enrichment, negligence, reckless willful and wanton conduct, and negligent supervision.

Plaintiffs allege that the Defendants knowingly participated in, and profited from, a venture that exploited Plaintiffs' labor for construction projects for the 2022 FIFA World Cup. Defendant CH2M was hired to be the Programme Management Consultant to ensure successful delivery of the World Cup in Qatar, including by managing construction projects for the World Cup. Defendant Jacobs later acquired CH2M and integrated it and the other Defendants into a single business that collectively managed the World Cup project. In this capacity, Defendants knew of, and profited from, the systematic trafficking and forced labor that was endemic during the construction of World Cup stadiums in Qatar.

b. Defendants – Defendants assert that Plaintiffs' forthcoming First Amended Complaint should be dismissed for lack of Article III standing, failure to state a claim, and (as to three of the Defendants) lack of personal jurisdiction because Plaintiffs utterly fail to allege that the consulting services Defendants allegedly provided to the Qatari government agency responsible for hosting the 2022 World Cup caused Plaintiffs' alleged employment-related injuries in Qatar. Plaintiffs will file their First Amended Complaint tomorrow, and Defendants reserve all rights to assert additional defenses to the First Amended Complaint in their motion to dismiss and in any answer.

4) Undisputed Facts – Plaintiffs intend to file their First Amended Complaint tomorrow, and Defendants will respond to Plaintiffs' allegations in their motion to dismiss and in any answer.

5) Computation of Damages – Plaintiffs intend to claim economic damages in the form of lost wages, as well as pain and suffering and emotional distress related to being trafficked and forced to work. The amount of damages Plaintiffs will claim depends on forthcoming discovery and expert opinions related thereto, but Plaintiffs will provide a preliminary estimate in connection with their upcoming initial disclosures. Plaintiffs will also seek punitive damages and attorneys' fees, in amounts to be determined at or after trial. Defendants dispute that Plaintiffs are entitled to damages or any other relief, and maintain that restitution under 18 U.S.C. § 1593 is not available in civil proceedings.

6) Report of Rule 26(f) Preconference Discovery and Meeting
   a. A preconference Rule 26(f) meeting occurred on March 4, 2024.
   b. Jason Murray of Olson Grimsley attended the meeting on behalf of Plaintiffs. William Taft and Natascha Born of Debevoise & Plimpton LLP and Habib Nasrullah on behalf of Wheeler Trigg O'Donnell LLP attended the meeting on behalf of Defendants.
   c. Rule 26(a)(1) disclosures will be made four weeks following Defendants' reply in support of their motion to dismiss Plaintiffs' First Amended Complaint. There is good cause for delaying initial disclosures because Plaintiffs intend to file a First Amended Complaint this week and the Parties' initial disclosures should be based on the operative complaint and should not be exchanged midway through briefing on Defendants' motion to dismiss.
   d. The parties have made no agreement regarding conducting informal discovery.

e. The parties have not yet reached any agreement with respect to procedures for reducing discovery and other litigation costs, and will confer regarding such procedures for any remaining claims following the Court's decision on Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint.

f. Although Plaintiffs are unlikely to have extensive electronically stored information, Defendants likely will. Plaintiffs' counsel are preserving and collecting potentially relevant documents currently in Plaintiffs' possession. Defendants have a document hold in place to preserve potentially relevant electronically stored information and to facilitate discovery thereof. The parties agree that they will work together constructively to establish and adhere to an agreement regarding electronically stored information review and production.

g. The parties have considered the possibilities for a prompt settlement or resolution of the case by alternate dispute resolution as required by Federal Rule of Civil Procedure 26(f), but have not agreed to settle or to seek alternative dispute resolution.

7) All parties have consented to the exercise of jurisdiction by Chief Magistrate Judge Hegarty.

8) Discovery Limitations

a. In the event that the Court denies Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint in part or in full, Defendants may seek to enlarge the number of depositions they may take given that the forthcoming First

Amended Complaint will purport to assert claims for 52 individual Plaintiffs. Plaintiffs do not agree to any enlargement of the limitations on number of depositions that is not symmetrical such that Plaintiffs may take additional depositions, as well. In any event, depending on Defendants' initial witness disclosures, Plaintiffs anticipate that they may need to seek at least 20 depositions of Defendants' fact witnesses and any potentially relevant third-party witnesses. In light of the number of individual Plaintiffs, Defendants do not agree that a symmetrical enlargement of depositions would be proportional to the needs of the case.

b. The parties do not anticipate, at this time, that any deposition will need to exceed the typical length.

c. The parties do not anticipate, at this time, any need to exceed 25 requests for production and 25 requests for admission for the Plaintiffs (collectively) and for the Defendants (collectively).

d. The parties agree to defer discovery other than Rule 26(a)(1) disclosures until after a ruling on Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint. The parties therefore propose that interrogatories and requests for production of documents and/or admissions shall be considered to have been served on the later of (i) thirty days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint, or (ii) the day on which they are actually served.

e. The Defendants anticipate they may seek an order requiring any Plaintiff seeking damages for pain and suffering or emotional distress, or asserting claims based on physical or nonphysical, including psychological, harm, to submit to an examination by a suitably licensed or certified examiner pursuant to Federal Rule of Civil Procedure 35(a). Plaintiffs currently anticipate they will oppose any such motion.

f. The parties do not have any other requested planning or discovery orders, at this time.

9) Case Plan and Schedule

   a. The Plaintiffs shall file their First Amended Complaint by March 12, 2024.

   b. The parties propose that Defendants' motion to dismiss the First Amended Complaint be filed by April 22, 2024; that Plaintiffs file their response by May 28, 2024; and that Defendants file any reply by July 1, 2024. Consistent with the Court's January 18, 2024 minute order, the parties propose that Defendants' motion and Plaintiffs' opposition will not exceed 45 pages and that Defendants' reply will not exceed 25 pages. There is good cause to extend the page limits set forth in this Court's Civil Practice Standards based on the length of the First Amended Complaint, the number of claims and parties, and the application of foreign law to certain of the claims.

   c. Amendment and joinder:

      i. Plaintiffs – Plaintiffs propose that the deadline for joinder of parties and amendment of the pleadings shall be 60 days after any denial of Defendants' forthcoming motion to dismiss. Because Plaintiffs have agreed to forestall discovery until after the resolution of any motion to dismiss, Plaintiffs have not yet received initial disclosures or other discovery that may inform potential amendments to the pleadings. In addition, Defendants have not yet filed an answer, and Plaintiffs understand that Defendants do not intend to do so until after the motion to dismiss is resolved.

      ii. Defendants – Defendants propose that the deadline for joinder of parties and amendment of pleadings shall be 45 days after the date of the scheduling conference in accordance with the Court's instructions regarding scheduling orders.

d. The parties propose that the fact discovery cut off should be 180 days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint, and that the expert discovery cut off should be 120 days thereafter.

e. The parties propose that the dispositive motion deadline should be 360 days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint.

f. Expert Witness Disclosures

      i. At this time, Plaintiffs anticipate disclosing expert opinions related to damages, Qatar law, Qatar migrant labor standards and conditions, and

international construction ventures. At this time, Defendants anticipate disclosing expert opinions related to Qatari law in connection with their forthcoming motion to dismiss the First Amended Complaint.

    ii. The parties do not anticipate placing limitations on the use or number of expert witnesses.

    iii. The parties propose that the deadline to make affirmative expert witness disclosures, including all information specified in Federal Rule of Civil Procedure 26(a)(2), should be 240 days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint.

    iv. The parties propose that the deadline to make rebuttal expert witness disclosures, including all information specified in Federal Rule of Civil Procedure 26(a)(2), should be 300 days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint, and that depositions of all affirmative and rebuttal experts should conclude 30 days thereafter.

  g. The parties agree that they will identify persons to be deposed after substantial completion of written discovery.

10) Dates for Further Conferences

  a. Status conferences will be held in this case at the following dates and times:

b. A final pretrial conference will be held in this case on _____ at o'clock _____m.

A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

11) Other Scheduling Matters

   a. There are no, at this time, discovery or scheduling issues on which the parties after good faith effort have been unable to reach agreement.
   b. The parties submit that the anticipated length of jury trial, if any, cannot be determined at this early stage in the proceedings.
   c. The parties do not believe that any pretrial proceedings may be more efficiently or economically conducted in other District Court facilities.

12) NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C. COLO. L. Civ. R. 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C. COLO. L. Civ. R. 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

13) The Scheduling Order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this ⎽⎽ day of March, 2024.

BY THE COURT:

⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽⎽
United States Magistrate Judge

APPROVED:

/s/ Jason C. Murray⎽⎽⎽⎽⎽⎽⎽⎽⎽

Eric R. Olson
Jason C. Murray
700 17th St., Ste 1600
Denver, CO, 80202
303.535.9157

Eli J. Kay-Oliphant
1920 L Street NW, Ste 835
Washington, D.C. 20036
202.629.3530

*Attorneys for Plaintiffs*


/s/ William H. Taft V⎽⎽⎽⎽⎽⎽⎽

William H. Taft V
Debevoise & Plimpton LLP
66 Hudson Blvd.
New York, NY 10001
212.909.6877

Habib Nasrullah
Wheeler Trigg O'Donnell LLP
370 17th St., Suite #4500
Denver, CO  80202
303.244.1960

*Attorneys for Defendants*