IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02660-MEH

F.C., et al.,

    Plaintiffs,

v.

JACOBS SOLUTIONS INC., et al.,

    Defendants.

## SCHEDULING ORDER

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

A scheduling conference is scheduled in this matter for March 18, 2024, at 10:45am MST. Eli J. Kay Oliphant of Sparacino PLLC, 1920 L Street NW, Suite 835, Washington, DC, 20036, 202.629.3530, and Jason Murray and Eric Olson of Olson Grimsley, 700 17th Street, Suite 1600, Denver, CO, 80202, 303.535.9151, will attend the conference on behalf of the Plaintiffs. William H. Taft V of Debevoise & Plimpton LLP, 66 Hudson Blvd, New York, NY 10001, 212.909.6877, and Habib Nasrullah of Wheeler Trigg O'Donnell LLP, 370 17th St #4500, Denver, CO 80202, 303.244.1960, will attend the conference on behalf of Defendants.

### 2. STATEMENT OF JURISDICTION

Plaintiffs contend that the Court has subject matter jurisdiction under the Trafficking Victims Protection Reauthorization Act ("TVPRA"), 18 U.S.C. § 1596(a), as well as federal

1

question jurisdiction, 28 U.S.C. § 1331, and jurisdiction pursuant to 28 U.S.C. § 1332(a)(2) based on diversity of citizenship.

Defendants contend that the Court lacks jurisdiction because Plaintiffs do not have standing under Article III of the U.S. Constitution.  In the alternative, Defendants contend that the Court cannot exercise subject matter jurisdiction under 18 U.S.C. § 1596(a) because that section applies only to criminal actions.  Also, to the extent that the Court denies Defendants' request to dismiss CH2M HILL International B.V. for lack of personal jurisdiction, Defendants contend that its presence destroys diversity for purposes of Section 1332(a)(2), and that the Court should not exercise supplemental jurisdiction over Plaintiffs' non-federal claims.

### 3.  STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs: Plaintiffs are Filipino nationals who allege they were lied to about the conditions of work and life in Qatar, had their passports confiscated, and then were forced to live and work in inhumane conditions.  Plaintiffs bring trafficked and forced labor claims under the Trafficking Victims Protection Reauthorization Act (the "TVPRA"), 18 U.S.C. § 1589 and 18 U.S.C. § 1590, as well for restitution under the TVPRA, 18 U.S.C. § 1593, and brings additional state-law claims for unjust enrichment, negligence, reckless willful and wanton conduct, and negligent supervision. Plaintiffs allege that the Defendants knowingly participated in, and profited from, a venture that exploited Plaintiffs' labor for construction projects for the 2022 FIFA World Cup. Defendant CH2M was hired to be the Programme Management Consultant to ensure successful delivery of the World Cup in Qatar, including by managing construction projects for the World Cup. Defendant Jacobs later acquired

      CH2M and integrated it and the other Defendants into a single business that collectively managed the World Cup project. In this capacity, Defendants knew of, and profited from, the systematic trafficking and forced labor that was endemic during the construction of World Cup stadiums in Qatar.

b. Defendants: Defendants assert that Plaintiffs' First Amended Complaint should be dismissed for lack of Article III standing, failure to state a claim, and (as to three of the Defendants) lack of personal jurisdiction because Plaintiffs utterly fail to allege that the consulting services Defendants allegedly provided to the Qatari government agency responsible for hosting the 2022 World Cup caused Plaintiffs' alleged employment-related injuries in Qatar. Plaintiffs filed their First Amended Complaint on March 13, 2024, and Defendants reserve all rights to assert additional defenses to the First Amended Complaint in their motion to dismiss and in any answer.

## 4. UNDISPUTED FACTS

The following facts are undisputed:

Plaintiffs filed their First Amended Complaint on March 13, 2024, and Defendants will respond to Plaintiffs' allegations in their motion to dismiss and in any answer.

## 5. COMPUTATION OF DAMAGES

Plaintiffs intend to claim economic damages in the form of lost wages, as well as pain and suffering and emotional distress related to being trafficked and forced to work. The amount of damages Plaintiffs will claim depends on forthcoming discovery and expert opinions related thereto, but Plaintiffs will provide a preliminary estimate in connection with their upcoming initial

disclosures. Plaintiffs will also seek punitive damages and attorneys' fees, in amounts to be determined at or after trial.

Defendants dispute that Plaintiffs are entitled to damages or any other relief, and maintain that restitution under 18 U.S.C. § 1593 is not available in civil proceedings.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting: March 4, 2024

b. Names of each participant and party he/she represented: Jason Murray of Olson Grimsley attended the meeting on behalf of Plaintiffs. William Taft and Natascha Born of Debevoise & Plimpton LLP and Habib Nasrullah on behalf of Wheeler Trigg O'Donnell LLP attended the meeting on behalf of Defendants.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made: Four weeks following Defendants' reply in support of their motion to dismiss Plaintiffs' First Amended Complaint.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1): There is good cause for delaying initial disclosures because Plaintiffs recently filed a First Amended Complaint and the Parties' initial disclosures should be based on the operative complaint and should not be exchanged midway through briefing on Defendants' motion to dismiss.

e. Statement concerning any agreements to conduct informal discovery: The parties have made no agreements regarding conducting informal discovery.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation

    costs, including the use of a unified exhibit numbering system: The parties have not yet reached any agreement with respect to procedures for reducing discovery and other litigation costs, and will confer regarding such procedures for any remaining claims following the Court's decision on Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form: Although Plaintiffs are unlikely to have extensive electronically stored information, Defendants likely will. Plaintiffs' counsel are preserving and collecting potentially relevant documents currently in Plaintiffs' possession. Defendants have a document hold in place to preserve potentially relevant electronically stored information and to facilitate discovery thereof. The parties agree that they will work together constructively to establish and adhere to an agreement regarding electronically stored information review and production.

h. Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case: The parties have considered the possibilities for a prompt settlement or resolution of the case by alternative dispute resolution as required by Federal Rule of Civil Procedure 26(f), but have not agreed to settle or to seek alternative dispute resolution.

## 7. CONSENT

All parties have consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY LIMITATIONS

a. Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules: In the event that the Court denies Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint in part or in full, Defendants may seek to enlarge the number of depositions they may take given that the First Amended Complaint purports to assert claims for 53 individual Plaintiffs.  Plaintiffs do not agree to any enlargement of the limitations on number of depositions that is not symmetrical such that Plaintiffs may take additional depositions, as well. In any event, depending on Defendants' initial witness disclosures, Plaintiffs anticipate that they may need to seek at least 20 depositions of Defendants' fact witnesses and any potentially relevant third-party witnesses.  In light of the number of individual Plaintiffs, Defendants do not agree that a symmetrical enlargement of depositions would be proportional to the needs of the case.

b. Limitations which any party proposes on the length of depositions: The parties do not anticipate, at this time, that any depositions will need to exceed the typical length.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission: The parties do not anticipate, at this time, any need to exceed 25 requests for production and 25 requests for admission for the Plaintiffs (collectively) and for the Defendants (collectively).

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: The parties agree to defer discovery other than Rule 26(a)(1) disclosures until after a ruling on Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint.   The parties therefore propose that interrogatories and requests for production of documents

and/or admissions shall be considered to have been served on the later of (i) thirty days after any denial of Defendants' forthcoming motion to dismiss Plaintiffs' First Amended Complaint, or (ii) the day on which they are actually served.

e. Other Planning or Discovery Orders: The parties do not have any other requested planning or discovery orders, at this time. The Defendants anticipate they may seek an order requiring any Plaintiff seeking damages for pain and suffering or emotional distress, or asserting claims based on physical or nonphysical, including psychological, harm, to submit to an examination by a suitably licensed or certified examiner pursuant to Federal Rule of Civil Procedure 35(a). Plaintiffs currently anticipate they will oppose any such motion.

**The Court:** Before filing a motion for an order relating to a discovery dispute, the movant must request a conference with the Court by submitting an email, copied to all parties, to hegarty_chambers@cod.uscourts.gov. *See* Fed. R. Civ. P. 16, cmt. 2015 Amend. The Court will determine at the conference whether to grant the movant leave to file the motion. *See* Section III(A)(3) of Chief Magistrate Judge Hegarty's Practice Standards for Civil Actions.

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: **May 2, 2024**

b. Discovery Cut-off: **The Parties shall contact the Court within one week of the ruling on Defendants' Motion to Dismiss to set a supplemental Scheduling Conference.**

c. Dispositive Motion Deadline:

  1. Motions to dismiss: Defendants' motion to dismiss the First Amended Complaint shall be filed by **April 22, 2024**; Plaintiffs' response by **May 28, 2024**; and

7

>> Defendants' file, if reply, by **July 1, 2024**. Consistent with the Court's January 18, 2024 minute order, Defendants' motion and Plaintiffs' opposition will not exceed 45 pages and that Defendants' reply will not exceed 25 pages.
>
> 2. Other dispositive motions: **The Parties shall contact the Court within one week of the ruling on Defendants' Motion to Dismiss to set a supplemental Scheduling Conference.**

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any: At this time, Plaintiffs anticipate disclosing expert opinions related to damages, Qatar law, Qatar migrant labor standards and conditions, and international construction ventures. At this time, Defendants anticipate disclosing expert opinions related to Qatari law in connection with their forthcoming motion to dismiss the First Amended Complaint.

2. Limitations which the parties propose on the use or number of expert witnesses: The parties do not anticipate placing limitations on the use or number of expert witnesses.

3. Deadline to designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2): **The Parties shall contact the Court within one week of the ruling on Defendants' Motion to Dismiss to set a supplemental Scheduling Conference.**

4. Deadline to designate all rebuttal experts and provide opposing counsel and any pro se

party with all information specified in Fed. R. Civ. P. 26(a)(2): **The Parties shall contact the Court within one week of the ruling on Defendants' Motion to Dismiss to set a supplemental Scheduling Conference.**

e. Identification of Persons to Be Deposed: The parties agree that they will identify persons to be deposed after substantial completion of written discovery.

## 10.  DATES FOR FURTHER CONFERENCES

a. Status conferences will be held in this case at the following dates and times: _____.

b. The Court will not set a final pretrial conference at this time. **The Parties shall contact the Court within one week of the ruling on Defendants' Motion to Dismiss to set a supplemental Scheduling Conference.**

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement: There are no other discovery or scheduling matters at this time on which the parties after good faith effort have been unable to reach agreement.

b. Anticipated length of trial and whether trial is to the court or jury: The parties submit that the anticipated length of jury trial, if any, cannot be determined at this early stage in the proceedings.

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal

Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301: The parties do not believe that any pretrial proceedings may be more efficiently or economically conducted in other District Court facilities.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a). Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

## 13.  AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 18th day of March, 2024.

BY THE COURT:

*Michael E. Hegarty*

Chief United States Magistrate Judge