IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 23-cv-02660-RMR-CYC

F.C., A.B., D.D.R., L.V., Ra.G, R.S., J.D.C.,
W.C., G.G., R.C., D.L., E.I., M.G., E.C., Rh.P.,
L.L., J.J.G., R.V., R.L., A.S., E.A., J.V., A.C.,
A.G., A.A., R.A., Ro.L., Ro.P., S.N., B.M., G.T.,
J.B., E.D.C., V.A., Re.D., C.S., Ra.D., M.R., I.E.,
M.A., Ro.D., A.D., Ri.D., Rod.O., M.D.L., Ri.O.,
En.C., Ron.O., G.S., B.D., C.C., and N.C.,

    Plaintiffs,

v.

JACOBS SOLUTIONS INC.,
JACOBS ENGINEERING GROUP INC.,
CH2M HILL COMPANIES, LTD.,
CH2M HILL INTERNATIONAL, LTD., and
CH2M HILL INTERNATIONAL B.V.,

    Defendants.

---

# ORDER

---

**Cyrus Y. Chung, United States Magistrate Judge.**

    Through Defendants' Motion to Amend Scheduling Order, ECF No. 114, the defendants ask the Court to amend the Scheduling Order to allow them two additional requests for production. ECF No. 114. This motion follows the Court's January 22, 2026 Minute Order that denied the defendants' motion to compel responses to these two requests, as well as others, because they exceeded the limit set in the Scheduling Order. ECF No. 112. As the Court noted: "[t]o the extent the defendants believe good cause exists to alter the scheduling order, that should be shown by a motion to alter the scheduling order, and the Court does not decide whether good cause exists here based on the discovery letters." *Id*.

The defendants now raise the issue of good cause. ECF No. 114 at 2. They point to a District of Utah case for the proposition that the Court should apply *Smith v. United States*, 834 F.2d 166, 169 (10th Cir. 1987), to the question at hand. ECF No. 114 at 5. That is the wrong test. *Smith* applies to a request to reopen discovery. *See, e.g., Morrison v. Safeco Ins. Co. of Am.*, No. 23-cv-00360-SKC-CYC, 2025 WL 2696590, at *1–2 (D. Colo. Sept. 22, 2025), *aff'd*, 2025 WL 3250865 (D. Colo. Nov. 21, 2025); *Kearns v. Maul*, No. 23-cv-01452-CYC, 2025 WL 1684953, at *1 (D. Colo. June 16, 2025). The defendants ask to amend the Scheduling Order to expand the number of requests for production, not to reopen discovery after it has closed.

Federal Rule of Civil Procedure 16(b)(4) governs such requests, requiring that modifications be supported by "good cause." To show good cause, a movant must demonstrate that "the scheduling deadlines [or limitations] cannot be met despite the movant's diligent efforts." *Seale v. Peacock*, 32 F.4th 1011, 1030 (10th Cir. 2022) (quotation marks omitted). The movant's identification of "[n]ewly-obtained information, if it was truly unknown and unavailable," can constitute good cause to amend a Scheduling Order. *Gale v. City & Cnty. of Denver*, 962 F.3d 1189, 1195 (10th Cir. 2020) (quotation marks omitted). On the other hand, "'[i]ndifference by the moving party seals off this avenue of relief irrespective of prejudice because such conduct is incompatible with the showing of diligence necessary to establish good cause.'" *Pinto-Rios v. Brown*, No. 20-cv-03698-RMR-SKC, 2023 WL 129692, at *2 (D. Colo. Jan. 9, 2023) (quoting *O'Connell v. Hyatt Hotels of P.R.*, 357 F.3d 152, 155 (1st Cir. 2004)). "And, of course, the general requirement that the desired evidence be relevant under Fed. R. Evid. 401 and 403 informs any request to amend a Scheduling Order to seek additional discovery." *Garcia v. Gardner*, No. 20-cv-00278-DDD-GPG, 2022 WL 22864405, at *2 (D. Colo. Dec. 12, 2022).

The Amended Scheduling Order allowed each side to serve up to twenty-five requests for production. ECF No. 75 at 8. On August 15, 2025, the defendants served twenty-five requests for production on the plaintiffs. ECF No. 114-2 at 8. The defendants maintain that they "acted diligently to obtain discovery within the bounds of the original Scheduling Order" because they served these requests and "when Plaintiff produced only minimal documents in response, [they] propounded additional targeted requests and interrogatories necessitated by the dearth of evidence Plaintiffs have produced to support their forced labor claims." ECF No. 114 at 6. But the remedy to inadequate discovery responses is a request to compel production, *see* Fed. R. Civ. P. 37(a), not assuming that additional requests that exceed the Scheduling Order's limits are allowed. Second, the defendants construe diligence as seeking discovery within the time constraints of the Scheduling Order, but time is not the issue here; the number of discovery requests is. "The focus of the [good-cause] inquiry is upon the movant's diligence with respect to the issue underpinning the modification request." *McCormick v. HRM Res., LLC*, 348 F.R.D. 686, 688 (D. Colo. 2025). The question, then, is the defendants' diligence in seeking relevant discovery within the twenty-five requests for production allowed by the Scheduling Order.

There, the defendants fall short. They maintain that recent revelations that the plaintiffs plan to rely on 18 U.S.C. § 1589(a)(2) support a finding of diligence. ECF No. 114 at 7. But both the original complaint and the amended complaint include 18 U.S.C. § 1589 claims, including an explicit allegation that the plaintiffs believed "that if they did not work they would be subjected to serious harm." ECF No. 1 ¶ 180; ECF No. 52 ¶ 204. That should have alerted the defendants that the plaintiffs intended to implicate 18 U.S.C. § 1589(a)(2)'s prohibition of procuring labor "by means of serious harm or threats of serious harm."

Moreover, the plaintiffs say that the defendants wasted some of the twenty-five requests for production by asking for nonexistent information and making duplicative requests, ECF No. 120 at 5–6, and the defendants never rebut that contention. Failing to do so ignores the crux of the issue at hand. As the moving parties, the defendants must demonstrate that despite their diligence, they could not obtain needed discovery within the Scheduling Order's twenty-five request limitation. *Seale*, 32 F.4th at 1030; *McCormick*, 348 F.R.D. at 688. They do not do so. As a result, the defendants have not shown good cause to amend the Scheduling Order to expand the number of requests for production. *See Demmer v. Fitzgibbons*, No. 11-cv-01802-CMA-KMT, 2012 WL 872666, at *3 (D. Colo. Mar. 14, 2012).

For the foregoing reasons, it is hereby ORDERED that the Defendants' Motion to Amend Scheduling Order, ECF No. 114, is **DENIED**.

DATED this 4th day of March, 2026, at Denver, Colorado.

BY THE COURT:

_____
Cyrus Y. Chung
United States Magistrate Judge