IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Regina M. Rodriguez

Civil Action No. 23-cv-02660-RMR-CYC

F.C., A.B., D.D.R., L.V., Ra.G., R.S., J.D.C.,
W.C., G.G., R.C., D.L., E.I., M.G., E.C., Rh.P.,
L.L., J.J.G., R.V., R.L., A.S., E.A., J.V., A.C.,
A.G., A.A., R.A., Ro.L., Ro.P., S.N., B.M., G.T.,
J.B., E.D.C., V.A., Re.D., C.S., Ra.D., M.R.,
L.P. I.E., M.A., Ro.D., A.D., Ri.D., Rod.O.,
M.D.L., Ri.O., En.C., Ron.O., G.S., B.D., C.C., and
N.C.,

     Plaintiffs,

v.


JACOBS ENGINEERING GROUP INC.,
CH2M HILL COMPANIES, LTD., and
CH2M HILL INTERNATIONAL, LTD.,

     Defendants.

---

**ORDER**

---

This matter is before the Court on the Recommendation of United States Magistrate Judge Cyrus Y. Chung, ECF No. 119, entered February 3, 2026, addressing Defendants' Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) (the "Motion for Interlocutory Appeal"), ECF No. 79. On February 17, 2026, Defendants filed a timely Objection, ECF No. 126. On March 10, 2026, Plaintiffs filed an untimely Response to Defendants' Objection. ECF No. 184. *See* Fed. R. of Civ. P.

72(a)(2) ("A party may respond to another party's objections within 14 days after being served with a copy."). The Court **STRIKES** Plaintiffs' untimely Response for failure to comply with Fed. R. of Civ. P. 72(a)(2).

This case involves violations of the Trafficking Victims Protection Reauthorization Act (the "TVPA"). Plaintiffs are migrant workers who were employed to construct stadiums and other projects for the 2022 FIFA World Cup in Qatar. Defendants were hired to manage the construction projects. Defendants did not directly employ Plaintiffs. Plaintiffs were employed by Qatari contractors hired to do the actual construction work. Plaintiffs allege that they were trafficked to Qatar and were forced to work under inhumane conditions. Plaintiffs allege Defendants participated and benefited from the venture in violation of the TVPA. Before the case was reassigned to the undersigned on October 8, 2025, Magistrate Judge Chung issued, on June 26, 2025, a thorough and well-reasoned order granting in part and denying in part Defendants' Motion to Dismiss Plaintiffs' Amended Complaint (the "MTD Order"). ECF No. 69. On July 28, 2025, Defendants filed their Motion for Interlocutory Appeal. ECF No. 79. Defendants seek to appeal the Court's conclusion that the private right of action in the TVPA applies extraterritorially. Magistrate Judge Chung recommends that the Motion for Interlocutory Appeal be denied because Defendants failed to meet their burden to demonstrate there is a substantial ground for a difference of opinion under 28 U.S.C. § 1292(b). Defendants disagree. For the reasons stated below, the Court **OVERRULES** Defendants' Objection and **ADOPTS** the Recommendation.

## I.    LEGAL STANDARD

This Court is required to make a de novo determination of the magistrate judge's recommendation to which a specific objection has been made, and it may accept, reject, or modify any or all of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1) ("A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."); Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to."). "[A] party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." *United States v. One Parcel of Real Property*, 73 F.3d 1057, 1060 (10th Cir. 1996).

## II.    ANALYSIS

Magistrate Judge Chung states the correct legal standard for the Court to certify an issue for interlocutory appeal. ECF No. 119 at 2. Under 28 U.S.C. § 1292, a district court may certify an issue for interlocutory appeal if three criteria are met: (1) the order involves a "controlling question of law"; (2) there is "substantial ground for difference of opinion" as to the resolution of the question; and (3) certification "may materially advance the ultimate termination of the litigation." 28 U.S.C. § 1292(b). Plaintiffs concede the first and third elements, agreeing that whether the TVPA's civil remedy applies extraterritorially is a controlling question of law and that an answer to that question may materially advance the ultimate termination of this litigation. Defendants argue that

3

Magistrate Judge Chung erred in finding no substantial ground for a difference of opinion under § 1292(b).

Defendants argue that the "Recommendation understates the importance of the clear divergence of district courts on the extraterritoriality issue." ECF No. 126 at 6. Defendants cite five cases they believe demonstrate the divergence of the question of extraterritoriality. *Pavlovich v. Palmer*, No. 25-10263-NMG, 2026 WL 353496, at *4 (D. Mass. Feb. 6, 2026) and *Pavlovich v. Gaiman*, No. 25-CV-78-JDP, 2025 WL 2819372, at *7 (W.D. Wis. Oct. 3, 2025) both deal with the same set of facts that make it distinct from this case. In the *Pavlovich* cases, the plaintiff is a citizen of New Zealand. The defendants, divorced U.S. Citizens domiciled in New Zealand, hired the plaintiff as a nanny. The events took place in New Zealand. Here, we have allegations of a U.S.-based company benefiting from the trafficking of over 50 workers from one country to another. Moreover, neither court in the *Pavlovich* case took the time to conduct the extensive analysis Magistrate Judge Chung did in his MTD Order on the extraterritoriality issue. In *Palmer*, the Court declined to reach the merits of Defendant's "motions to dismiss for failure to state a claim and for inapplicable extraterritorial conduct under the [TVPA]" because the Court dismissed the case *on forum non conveniens* grounds, holding New Zealand is the more interested forum. *Palmer*, 2026 WL 353496, at *1 n. 1, *4. *Palmer* is under appeal with the First Circuit. *Pavlovich v. Palmer*, 26-1151 (1st Cir. Feb. 13, 2025). The same is true for *Gaiman*. *Pavlovich*, 2025 WL 2819372, at *8 ("The case is [dismissed] without prejudice under the doctrine of *forum non conveniens*.").

4

Defendants also cite to *Doe I v. Apple Inc.,* No. 1:19-CV-03737 (CJN), 2021 WL 5774224, at *14-16 (D.D.C. Nov. 2, 2021) and *Mia v. Kimberly-Clark Corp.*, No. 1:22-CV-02353 (CJN), 2025 WL 752564, at *6-8 (D.D.C. Mar. 10, 2025), which were decided by the same judge. *Doe I* dealt with the mining of cobalt in the Democratic Republic of the Congo, which is used by Defendants, all tech companies, in their products. The D.C. Circuit affirmed the district court's dismissal of the complaint, but not because it found that the TPVA did not apply extraterritorially. Instead, the D.C. Circuit affirmed the district court's dismissal because the plaintiffs failed to adequately allege that "the Tech Companies participated in a venture because there is no shared enterprise between the Companies and the suppliers who facilitate forced labor." *Doe 1 v. Apple Inc.*, 96 F.4th 403, 415 (D.C. Cir. 2024). The D.C. Circuit specifically declined to address the district court's holding that the TVPA does not apply extraterritorially despite receiving an amicus curiae brief on the issue. *Id.* at 414 n. 4. Finally, Defendants cite to *Lun v. Milwaukee Elec. Tool Corp.*, No. 24-CV-0803-BHL, 2025 WL 3443536, at *7-14 (E.D. Wis. Dec. 1, 2025). The Court agrees that the facts in *Lun* are more analogous to this case than the *Pavlovich* cases. In *Lun*, the plaintiff, a prisoner in China, was forced to make gloves for a U.S. Company. The district court dismissed the claims against the U.S. Company because it found "the TVPA's criminal provisions apply extraterritorially, but its civil remedy does not." *Id.* at *1. *Lun* is under appeal with the Seventh Circuit. *Xu Lun v. Milwaukee Electric Tool Corporation, et al*, 25-3347 (7th Cir., Dec. 31, 2025).

Defendants do not directly contest the assertion that the majority of the courts that have addressed this issue have found that the TPVA's civil claims apply extraterritorially.

Since Defendants filed their Objection, another district court has joined the majority. *See A.A. v. Omnicom Grp., Inc.*, No. 25-CV-3389 (JMF), 2026 WL 504904, at *17 (S.D.N.Y. Feb. 24, 2026) (denying the defendant's motion to dismiss plaintiffs' TPVA claims predicated on 18 U.S.C. § 1589 because the predicate offense applies extraterritorially). As Defendants note, in *A.A.*, the plaintiffs "advance claims based on substantially the same underlying conduct as in this case, this time alleging venture theories of liability against public relations companies that advised on the Qatar World Cup." ECF No. 126 at 126.

Defendants also argue that the "Recommendation erred in overstating purported agreement at the appellate level on the extraterritoriality question." ECF No. 126 at 2. The Court does not agree. In 2017, the Fifth Circuit held that "[n]othing in the text of the pre-2008 TVPRA or in the text of § 1596 indicates that a plaintiff was allowed to sue for extraterritorial violations of the TVPRA before 2008," implying that the 2008 Amendment allowed plaintiffs to sue for extraterritorial violations for events that occurred after 2008. *Adhikari v. Kellogg Brown & Root, Inc.*, *845 F.3d 184*, 202 (5th Cir. 2017). In 2019, the Fourth Circuit did a thorough analysis of the structure and history of the TVPA and concluded that the civil remedy provision of the TVPA applies extraterritorially. *Roe v. Howard*, 917 F.3d 229, 240-41 (4th Cir. 2019). In 2022, the Ninth Circuit "assume[d] without deciding that § 1595 may apply extraterritorially." *Ratha v. Phatthana Seafood Co.*, 35 F.4th 1159, 1164 (9th Cir. 2022). In 2024, the D.C. Circuit declined to take up the issue. *Doe 1*, 96 F.4th 403, 415 n.4. Now the First and Seventh Circuits will have an opportunity to weigh in. *See Palmer*, 2026 WL 353496, at *4; *Lun*, 2025 WL 3443536, at

6

Case No. 1:23-cv-02660-RMR-CYC    Document 131    filed 03/20/26    USDC Colorado
pg 7 of 8

*7-14. This is hardly a circuit split. Defendants have not convinced the Court that Magistrate Judge Chung's decision was not guided by previous decisions. Defendants also argue that the "Recommendation [] does not engage with the novel and difficult nature of the extraterritoriality question." ECF No. 126 at 8. The fact that Magistrate Judge Chung dedicated over ten pages of his 46-page MTD Order to the extraterritoriality issue demonstrates that he did engage with the novel and difficult nature of the extraterritoriality issue. *See* ECF No. 69 at 19-29.

The Court agrees with Magistrate Judge Chung that certification of the issue as to the extraterritoriality of the TPVA is not appropriate under 28 U.S.C. § 1292(b). The question presented for certification must be difficult, novel, and involve "a question on which there is little precedent or one whose correct resolution is not substantially guided by previous decisions." *In re Grand Jury Proc. June 1991*, 767 F. Supp. 222, 226 (D. Colo. 1991). "It is the duty of the district judge . . . to analyze the strength of the arguments in opposition to the challenged ruling when deciding whether the issue for appeal is truly one on which there is a substantial ground for dispute." *Max Daetwyler Corp. v. Meyer*, 575 F.Supp. 280, 283 (E.D. Pa.1983). The Court is unpersuaded that a substantial ground for difference of opinion exists here. Further, an interlocutory appeal in this matter is likely to prolong the matter, which has already been pending for two-and-a-half years. *See Townsend v. Toro Co.*, No. 1:22-CV-00743-RMR-JPO, 2024 WL 6915533, at *3 (D. Colo. July 15, 2024) (citing *Goldberg v. UBS AG*, 690 F. Supp. 2d 92, 101 (E.D.N.Y. 2010)). Accordingly, Defendant's Objection is overruled, Magistrate Judge Chung correctly denied Defendants' request for certification pursuant to 28 U.S.C. § 1292(b).

7

## III.    CONCLUSION

For the reasons set forth above, and in the Recommendation, it is **ORDERED** as follows:

1. Defendants' Objection to Recommendation of Magistrate Judge, ECF No. 126, is **OVERRULED**;

2. Plaintiffs' Response to the Defendants' Objection to the Magistrate Judge's Recommendation, ECF No. 129, is **STRICKEN**;

3. The Recommendation of the United States Magistrate Judge, ECF No. 119, is **ACCEPTED and ADOPTED**; and

4. Defendants' Motion for Certification for Interlocutory Appeal Pursuant to 28 U.S.C. § 1292(b) is **DENIED.**

DATED:  March 20, 2026

BY THE COURT:

_____
REGINA M. RODRIGUEZ
United States District Judge